## KIRKWOOD v. UNITED STATES.

### DENISON v. SAME.

(Circuit Court of Appeals, Eighth Circuit.  March 26, 1919.  Rehearing Denied
June 2, 1919.)

### Nos. 5137, 5138.

BRIBERY ☞11—CONSPIRACY ☞47—BRIBERY OF UNITED STATES OFFICER—
SUFFICIENCY OF EVIDENCE.

Evidence *held* insufficient to sustain a conviction of one of two de-
fendants jointly indicted for bribery of a post office clerk and of con-
spiracy to commit such offense, but sufficient to sustain the conviction
of his codefendant of the former offense.

In Error to the District Court of the United States for the Western
District of Missouri; Arba S. Van Valkenburgh, Judge.

Criminal prosecution by the United States against Fred Kirkwood
and Ernest B. Denison.  Judgment of conviction, and defendants sep-
arately bring error.  Reversed as to defendant Denison, and affirmed
as to defendant Kirkwood.

Thad B. Landon, of Kansas City, Mo. (Sherman & Landon, of
Kansas City, Mo., and George Link, Jr., of New York City, on the
brief), for plaintiff in error Kirkwood.

Thomas Hackney, of Kansas City, Mo., and Rome G. Brown, of
Minneapolis, Minn. (Edward J. White, of St. Louis, Mo., and Martin
Lyons, of Kansas City, Mo., on the brief), for plaintiff in error Deni-
son.

Elmer B. Silvers, Asst. U. S. Atty., of Kansas City, Mo. (Francis
M. Wilson, U. S. Atty., and William G. Lynch, Asst. U. S. Atty.,
both of Kansas City, Mo., on the brief), for the United States.

Before HOOK and STONE, Circuit Judges, and WADE, Dis-
trict Judge.

HOOK, Circuit Judge.  Fred Kirkwood and Ernest B. Denison
were jointly indicted and convicted of promising money to a clerk
in a post office to induce him unlawfully to open certain letters pass-
ing through the office, and also of conspiring to commit that offense,
contrary to sections 37 and 39 of the Penal Code (Act March 4, 1909,
c. 321, 35 Stat. 1096 [Comp. St. §§ 10201, 10203]).  At the conclu-
sion of the evidence each of them asked a directed verdict of not
guilty, which the trial court denied.  They prosecuted separate writs
of error from this court.

Briefly stated, the facts were these:  Oslin M. Jackson and others
were indicted in New York for swindling operations.  Jackson fled
and became a fugitive from justice.  The defendant Denison was one
of the prosecuting witnesses, and having lost heavily through Jack-
son's acts interested himself in having him found and brought to
justice.  The postal authorities in New York and also the state pros-
ecuting officers were or had been making investigations.  Denison
employed a detective agency in New York to locate Jackson.  The

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

defendant Kirkwood was in the service of that agency. It was believed that relatives of Jackson were corresponding with him under the cover of a brother-in-law who lived at Harrisonville, Missouri, and Kirkwood was furnished with descriptive information and specimens of Jackson's handwriting, and sent there by the agency to investigate. Kirkwood made acquaintance with a post office clerk at Harrisonville and paid him to make tracings of addresses on certain letters passing through the office, so that they could be compared with known writings of Jackson. It was claimed by the government that, this method proving fruitless, Kirkwood, at the instance or with the co-operation of Denison, induced the clerk by a promise of money to open letters in search of the desired information. This was the foundation of the indictment. Either by opening letters or by information obtained in New York and elsewhere, it does not matter which, Jackson was located in Oregon and afterwards arrested.

We think that in the conviction of Denison there was a clear miscarriage of justice; that, considering the character and source of the evidence against him and its value in relation to all that was received at the trial, it should reasonably be said that there was no substantial proof of his guilt. Denison employed and paid the agency for which Kirkwood worked, but there was no evidence whatever, except as presently mentioned, that he otherwise employed Kirkwood, or paid him for his services or expenses, nor evidence that he directed him in his dealings with the post office clerk at Harrisonville, or authorized or knew of any unlawful tampering with the mails. All of the direct evidence upon these matters was that he did not, in any way, have anything to do with the opening of the letters. Denison, who lived in New York, was not at Harrisonville. He dealt with the detective agency in the former city to aid the public authorities in finding Jackson, as under the circumstances he had a lawful right to do. The sole adverse proof was the testimony of a detective of Chicago and his stenographer that in a subsequent conversation in that city Denison admitted connection with the opening of the letters. The stenographer fully discredited herself, and we put her testimony aside without further mention. The credibility of the Chicago detective was impeached by evidence of former officials in Oregon that he gave false testimony under oath and made false statements there, and also by witnesses from Chicago of apparently respectable stations in life and callings that his reputation for truth and veracity where he lived was bad. A thorough examination of the proceedings at the trial has convinced us that the conviction of Denison was due in no small measure to the latitude allowed counsel for the government in the examination of witnesses and the emphasis put upon relatively unimportant matters. Upon the assumption that it was proper to show Denison's animus against Jackson, counsel were allowed to go so far afield that the specific charges in the indictment seemed at times to be out of view. There was a disproportion of collateral matters, the significance of which was unduly magnified.

With the failure of the case against Denison the charge against Kirkwood that he conspired with him also fails. There is left, however, the charge that Kirkwood induced the post office clerk to open

letters by a promise of a money reward. The sentence of Kirkwood was not more than could have been imposed for that single offense. The proof upon this branch of the case is within narrow compass. It consists almost entirely of the testimony of the clerk and Kirkwood, and while the former was uncertain and indefinite in some of his statements we cannot say there was not substantial evidence supporting the verdict. Kirkwood may have suffered somewhat from the effort to convict Denison, but that cannot be entirely avoided in cases of joint indictment, especially when conspiracy is charged. We do not find that in this part of the case error was committed in the admission of evidence or in the instructions as set forth in the assignments of error.

The sentence of Kirkwood is affirmed. The sentence of Denison is reversed.